**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50196 |
| Plaintiff - Appellee, | D.C. No. 2:05-cr-00806-DSF-2 |
| v. | |
| YI QING CHEN, AKA Seal B, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted May 10, 2013
Pasadena, California

Before: O'SCANNLAIN, PAEZ, and IKUTA, Circuit Judges.

Yi Qing Chen appeals his conviction and sentence on five counts involving

smuggling of cocaine, methamphetamine, cigarettes, and missiles. We affirm.

Chen's requested instruction that pretending to conspire is not a crime was

reasonably covered by the instructions given by the district court. *See United*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

*States v. Del Toro-Barboza*, 673 F.3d 1136, 1147 (9th Cir. 2012). The district court's clarification, in response to a juror's question, that the jury could consider evidence of whether the defendant believed that he could accomplish the conspiracy's objectives was adequate to address any lingering confusion. *See United States v. Frega*, 179 F.3d 793, 809–10 (9th Cir. 1999).

The district court erred by failing to instruct the jury that the statute underlying Chen's conviction for conspiracy to acquire missiles designed to destroy aircraft, 18 U.S.C. § 2332g, was enacted during the alleged conspiracy period. However, the error was not prejudicial. The jury was presented with, among other evidence, transcripts of numerous post-enactment meetings between Chen, Wu, and Hamer in which terms of a missile deal were negotiated. During those meetings, Chen and Wu had conversations in Chinese indicating their candid desire to complete a deal. In his post-arrest statement Chen stated that the missiles would have been delivered if Hamer had paid. Accordingly, there is no reasonable probability that the jury convicted Chen exclusively on the basis of pre-enactment conduct. *See United States v. Marcus*, 130 S. Ct. 2159, 2164–66 (2010).

Chen and Wu's repeated and detailed proposals to build a factory in Asia to supply methamphetamine if Hamer would pay them a certain amount of money, and their agreement to buy cocaine from Hamer under certain conditions, are

2

sufficient to uphold his conviction for conspiracy to distribute methamphetamine and cocaine, regardless of whether the parties agreed to specific terms. *See United States v. Pemberton*, 853 F.2d 730, 733 (9th Cir. 1988).

With respect to Chen's conviction for using a counterfeit mark in trafficking cigarettes, the stipulated expert testimony from Muse that the cigarettes were counterfeit under the terms of 18 U.S.C. § 2320 was sufficient to establish that Marlboro's trademark was registered on the U.S. Patent and Trademark Office's principal register and in use. *See* 18 U.S.C. § 2320(e)(1)(A)(ii) (2002) (amended 2006). Hamer's testimony regarding the cigarettes, considered with the photos in evidence, were sufficient to establish that the cigarettes were likely to cause confusion, to cause mistake, or to deceive. *See* § 2320(e)(1)(A)(iii).

The district court erred in instructing the jury that Chen need only have transported 10,000 contraband cigarettes to be convicted under the statute in effect at the time of his conduct in 2004, which required evidence of 60,000 cigarettes. 18 U.S.C. § 2341(2) (2002) (amended 2006). On plain error review, the error was not prejudicial because there was overwhelming evidence that Chen transported roughly 8 million cigarettes on the date in question.

The district court plainly erred under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), by imposing a 25-year sentence for conspiracy to distribute

3

methamphetamine and cocaine, but the error was not prejudicial because the court imposed the sentence concurrently to a 25-year mandatory minimum for the missile conspiracy count. *United States v. Ramos-Godinez*, 273 F.3d 820, 825 (9th Cir. 2001).

With respect to Chen's challenge to his base offense level for conspiracy to distribute methamphetamine, because he did not object to the factual accuracy of the pre-sentence report, "the district court was entitled to treat the factual assertions therein as established," and did not plainly err in doing so here. *United States v. Hilgers*, 560 F.3d 944, 948 n.4 (9th Cir. 2009).

Because Chen's trial testimony directly contradicted his proffer statements, the district court did not err in determining that the government's factual basis for refusing to renew its motion under U.S.S.G. § 5K1.1 for a departure based on substantial assistance was sound. *See United States v. Murphy*, 65 F.3d 758, 760, 763 (9th Cir. 1995).

Since Chen did not provide truthful, complete information before sentencing, the district court did not clearly err in determining that he did not meet his burden in showing his eligibility for safety valve relief. *See United States v. Mejia-Pimental*, 477 F.3d 1100, 1105 (9th Cir. 2007).

The district court did not abuse its discretion by imposing within-Guidelines sentences for Chen's convictions for distribution of methamphetamine, trafficking in counterfeit cigarettes, and transporting contraband cigarettes. *See* U.S.S.G. § 5G1.2(b); *United States v. Carter*, 560 F.3d 1107, 1120 (9th Cir. 2009).

There was no cumulative error.

**AFFIRMED**.